IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:07-CR-00033-KDB-DCK

| | | |
|---|---|---|
| USA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| MICHAEL JEROME HAMPTON | ) | |
| | ) | |

**THIS MATTER** is before the Court upon motion of the defendant *pro se* for

compassionate release based on the COVID-19 pandemic under 18 U.S.C. §

3582(c)(1)(A) and the First Step Act of 2018. (Doc. No. 61). He contends that he is

at a heightened risk for death due to COVID-19. His conclusory and unsupported

motion will be denied without prejudice.

Section 603(b) of the First Step Act amended § 3582(c)(1)(A), which

previously only allowed a court to reduce a term of imprisonment on motion of the

Director of Prisons (BOP). Now a court may entertain a motion filed by a

defendant: (1) after full exhaustion of all administrative rights to appeal a failure of

the BOP to bring a motion on his behalf; or (2) after lapse of 30 days from the

receipt of such a request by the warden of his facility, whichever is less.

Here, defendant, claims that he petitioned the warden for compassionate

release on April 15, 2020 but attaches no copy of the request. He also claims that

the warden denied his petition on May 5, 2020 but again attaches no copy of the

denial. Even if the warden denied the defendant's request, the statute requires that

he exhaust his administrative rights to appeal the warden's decision before seeking

relief from this Court. Likewise, the defendant claims to be a Type 2 diabetic and suffers from sleep apnea, hypertension and obesity but fails to provide medical records to substantiate his medical claims. Therefore, the Court will not consider the merits of his claim. *United States v. Raia,* 954 F.3d 594, 595 (3d Cir. 2020) (denying motion for compassionate release based on COVID-19 where defendant did not seek relief from BOP).

**IT IS, THEREFORE, ORDERED**, that the defendant's *pro se* motion for compassionate release (Doc. No. 61), is **DENIED** without prejudice to a renewed motion properly supported by evidence and after exhaustion of his administrative remedies.

The Clerk is directed to certify copies of this Order to defendant, the Federal Defender, the United States Attorney, the United States Marshals Service, and the United States Probation Office.

**SO ORDERED.**

Signed: June 24, 2020

Kenneth D. Bell
United States District Judge