# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## STATESVILLE DIVISION
## CRIMINAL ACTION NO. 5:07-CR-00033-KDB-DCK-1

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | **ORDER** |
| MICHAEL JEROME HAMPTON, | |
| Defendant. | |

**THIS MATTER** is before the Court on Defendant Michael Jerome Hampton's *pro se* motion for compassionate release based on the COVID-19 pandemic under 18 U.S.C. § 3582(c)(1)(A) and the First Step Act of 2018. (Doc. No. 63). Having carefully reviewed the Defendant's motion, exhibits, and all other relevant portions of the record, the Court will deny the motion without prejudice to a renewed motion after exhaustion of his administrative remedies.

## I.    BACKGROUND

In 2008, Defendant pled guilty to two counts of possession with intent to distribute cocaine base, commonly known as "crack cocaine" and aiding and abetting. (Doc. No. 19). He was sentenced to 120 months plus five years of supervised release. (Doc. No. 37).  While serving his supervised release term, he committed four new law violations and admitted to using cocaine. (Doc. No.50, at 1-2).  On October 22, 2019, the Court revoked Defendant's supervised release and sentenced him to 24 months of imprisonment with 12 months of supervised release. (Doc. No. 60).

Defendant is a 37-year-old male confined at FCI Gilmer, a medium-security federal corrections institution in West Virginia, with a projected release date of January 31, 2021. Defendant seeks a reduction in his sentence under the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A). He

claims he suffers from sleep apnea, Type 2 diabetes, and obesity. According to his Presentence Report, he described his physical health as good and stated he was not under the care of a physician nor prescribed any medication. (Doc. No. 26, ¶ 50). Defendant did attach medical records to his motion which indicate that he suffers from sleep apnea, Type 2 diabetes, and morbid obesity. (Doc. No. 64).

## II.   COMPASSIONATE RELEASE

A prisoner may bring a motion for compassionate release before the court only if he "has fully exhausted all administrative rights to appeal a failure" of the BOP to bring a motion on his behalf or if 30 days have passed since the warden received his request, "whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Courts are split over whether the exhaustion requirement is jurisdictional or is a "case processing" rule that can be waived. *Compare United States v. Brown*, No. CR 12-20066-37-KHV, 2020 WL 1935053, at *1 (D. Kan. Apr. 22, 2020) ("The requirement to exhaust administrative remedies or wait 30 days after the warden receives a request is jurisdictional.") *with United States v. Alam*, -- F.3d --, No. 20-1298, 2020 WL 2845694, at *2 (6th Cir. June 2, 2020) (holding that the administrative exhaustion requirement in 18 U.S.C. § 3582(c)(1)(A) is non-jurisdictional). The majority view is that the exhaustion requirement is a case processing rule. *See, e.g.*, *United States v. Smith*, No. 12 Cr. 133 (JFK), 2020 WL 1849748, at *2-3 (S.D.N.Y. Apr. 13, 2020) (collecting cases).

If the rule is not jurisdictional, then it can be waived, forfeited, or abandoned, and is otherwise subject to exceptions. *See United States v. Zukerman*, 16 Cr. 194 (AT), 2020 WL 1659880, at *3 (S.D.N.Y. Apr. 3, 2020); *United States v. Russo*, No. 16-cr-441 (LJL), 2020 WL 1862294, at *5 (S.D.N.Y. Apr. 14, 2020). These exceptions include "where it would be futile, either because the agency decisionmakers are biased or because the agency has already determined the issue, . . .

where the administrative process would be incapable of granting adequate relief, . . . [or] where pursuing agency review would subject plaintiffs to undue prejudice." *Zukerman*, 2020 WL 1659880, at *3 (citing *Washington v. Barr*, 925 F.3d 109, 118-19 (2d Cir. 2019). It is Defendant's burden to show that he has exhausted his remedies or that exhaustion would be futile or result in undue prejudice. *See, e.g.*, *United States v. Bolino*, No. 06-cr-0806(BMC), 2020 WL 32461, at *1 (E.D.N.Y. Jan. 2, 2020) (requiring defendant to prove that the exhaustion requirement has been met).

Here, Defendant has not exhausted his remedies as required under 18 U.S.C. § 3852(c)(1)(A). While he claims to have petitioned the warden for compassionate release and heard no answer, he attaches two forms entitled inmate request to staff dated April 15, 2020, and May 5, 2020, but both are unsigned by any member of the prison. (Doc. No. 64, at 1-2). Thus, the Court is unable to verify whether or not it was sent or received by the warden. Further, the motion fails to show that the Defendant has fully exhausted his administrative rights to appeal a failure of the BOP to bring a motion on his behalf or that 30 days have elapsed from the warden's receipt of a request.

According to the BOP's website, FCI Gilmer currently has no inmates and 1 staff with confirmed active cases of COVID-19. There are approximately 1,700 inmates at FCI Gilmer. There have been no inmate or staff deaths and 5 inmates have recovered. Given this information, the Court finds that Defendant has not met his burden of showing that the exhaustion requirement in 18 U.S.C. § 3582(c)(1)(A) should be excused. With no confirmed COVID-19 cases amongst the inmate population and only 1 case amongst the staff at FCI Gilmer, requiring Defendant to exhaust his administrative remedies within the BOP before petitioning this Court would not result in any "catastrophic health consequences" or unduly prejudice Defendant. *See United States v. Fraction*, No. 3:14-CR-305, 2020 WL 3432670, at *7 (M.D. Pa. June 23, 2020) (finding the

defendant did "not demonstrate any 'catastrophic health consequences' to make exhaustion futile or show that he could be unduly prejudiced if he had to wait to exhaust his administrative remedies with the BOP"). Generalized concerns regarding the possible spread of COVID-19 to the inmate population at FCI Gilmer are not enough for this Court to excuse the exhaustion requirement, especially considering the BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread at FCI Gilmer. *See United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020).

The Court does not intend to diminish Defendant's concerns about the pandemic, especially given his health conditions. However, given the scale of the COVID-19 pandemic and the complexity of the situation in federal institutions, it is even more important that Defendant first attempt to use the BOP's administrative remedies. *See United States v. Annis,* 2020 WL 1812421, at \*2 (D. Minn. Apr. 9, 2020). Not only is exhaustion of administrative remedies required under the law, but it also "makes good policy sense." *United States v. Fevold,* 2020 WL 1703846, at \*1 (E.D. Wis. Apr. 8, 2020). "The warden and those in charge of inmate health and safety are in a far better position than the sentencing court to know the risks inmates in their custody are facing and the facility's ability to mitigate those risks and provide for the care and safety of the inmates." Id. As the Third Circuit has recognized, "[g]iven BOP's shared desire for a safe and healthy prison environment . . . strict compliance with § 3582(c)(1)(A)'s exhaustion requirement takes on added—and critical—importance." *Raia,* 954 F.3d at 597.

For these reasons, the Court will deny Defendant's Motion without prejudice to a renewed motion once he has appropriately exhausted his administrative remedies.

### III.    ORDER

**IT IS THEREFORE ORDERED** that Defendant's motion for compassionate release (Doc.

No. 63), is **DENIED** without prejudice to a renewed motion after exhaustion of his administrative

remedies.

**SO ORDERED.**

Signed: August 12, 2020

Kenneth D. Bell
United States District Judge